**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malgorzata Kwintkiewicz,<br><br>           Plaintiff,<br><br>v.<br><br>Whats Up LLC,<br><br>           Defendant. | No. CV-21-01843-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant Whats Up, LLC's Motion to Exclude Plaintiff's Expert Enrico Schaffer, ESQ (Doc. 50), which is fully briefed (Docs. 52, 53) and will be granted.

This is a copyright infringement action brought by Plaintiff Malgorzata Kwintkiewicz dba Katten Nails, an aspiring "influencer" on social media, against Defendant, a business that sells beauty products. The parties had several communications in October and November 2018, concluding with Defendant liking one of Plaintiff's social media posts and Plaintiff responding with a message "if you like my posts so much, are you going to feature?" Defendant contends it understood that request—the second one that month—as a request to promote Plaintiff's photographs. Defendant thereafter began to share Plaintiff's photos on its own Instagram account. In subsequent correspondence, Plaintiff acknowledged that she was aware Defendant had shared one of her videos on Instagram, which she seemed to encourage: "I will not mind if you share too." Later, there

was intermittent communications between the two, including Defendant sending about $500 worth of free product to Plaintiff as a thank you for posting about Defendant and its product.

On April 14, 2020, Defendant posted 11 photographs from Plaintiff's Instagram page to its website. On April 15, 2020, Defendant included one of the photos in an email newsletter to customers. The photos had "Katten Nails" on them, and the newsletter encouraged readers to check out Plaintiff's Instagram account. The next day, Plaintiff contacted Defendant with an objection to the use of the photographs, stating that permission had never been given. Defendant immediately took down the photos. Plaintiff rejected Defendant's offer of free product, Defendant refused Plaintiff's demand to be paid for the use of the photos, and this suit followed.

Plaintiff has identified an expert witness, attorney Enrico Schaffer, to testify on the industry meaning of the communications between the parties.

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), requires the Court to act as a "gatekeeper," excluding expert opinions if they do not meet the standards of reliability required under Rule 702. The Court accomplishes this by making a preliminary determination that the proffered evidence is both relevant and reliable. *Daubert*, 509 U. S. at 589-95. "[A] trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert,* the test of reliability is flexible, and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999) (quotation omitted).

Experts may establish the validity of their opinions by explaining how they reached them and pointing to some objective source to show that they have followed the scientific method, as it is practiced by a recognized minority in their field. *Daubert,* 509 U.S. at 593-

94. "[T]he evidentiary rationale that underlay the Court's basic *Daubert* gatekeeping determination [is not] limited to scientific knowledge. *Daubert* pointed out that Federal Rules 702 and 703 grant expert witnesses testimonial latitude unavailable to other witnesses on the assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline. The Rules grant that latitude to all experts, not just to scientific ones." *Kumho,* 526 U.S. at 148 (1999) (quotations and citation omitted). Where the expert's opinions are non-scientific but are based on the knowledge and experience of the expert, the *Daubert* factors of peer review, publication, potential error rates, etc. are not applicable. *Hangarter v. Provident Life & Accident Ins. Co*., 373 F.3d 998, 1017 (9th Cir. 2004).

The expert opinions offered by Mr. Schaffer relate to the common meanings of certain terms and the conduct within the industry to determine what the parties meant in their communications. Defendant object that Mr. Schaffer's testimony is irrelevant and unhelpful to the trier of fact. *See* Fed. R. Evid. 702.

The parties indicate that a critical issue of fact at trial will be their understanding of the meaning of "feature" as used in Plaintiff's message to Defendant. Mr. Schaffer's opinion regarding how that word is understood within the industry would be relevant and helpful to the finder of fact if there was a defined industry, if both parties were involved in the industry, and if they expressed a belief that they understood their communications utilized language with a specific meaning in that industry. However, Plaintiff has not pointed the Court to any portion of the record where either party expressed that her understanding of their communications was influenced by an industry standard. No facts have been alleged that either party's understanding of the word "feature" was the industry standard described by Mr. Schaffer. Because neither party has claimed an understanding of the word "feature" that aligns with Mr. Schaffer's, his opinions are not relevant and do not help the trier of fact determine the parties' reasonable understanding of their communications or the scope of the permission at issue.

1     **IT IS ORDERED** that Defendant's Motion to Exclude Plaintiff's Expert Enrico
2 Schaffer, ESQ (Doc. 50) is **GRANTED**.
3     Dated this 22nd day of September, 2022.

                                                 Douglas L. Rayes
                                                 United States District Judge